UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL R. KAUFMAN, CPA, LLC,<br>     Plaintiff, | :<br>:<br>: |
| v. | : 3:11cv912 (WWE) |
| | :<br>: |
| SCOTT VERTUCCI,<br>     Defendant. | :<br>: |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Daniel R. Kaufman, CPA, LLC asserts that defendant Scott Vertucci is liable for breach of contract, violation of the Connecticut Uniform Trade Secrets Act ('CUTSA"), Connecticut Unfair Trade Practices Act ("CUTPA"), civil theft, intentional and tortious interference with a contractual relationship, copyright infringement, and violation of 15 U.S.C. §§ 1125(a)(1)(a) and 1125(a)(1)(b).  Defendant removed this case to federal court and filed a motion to dismiss for failure to state a claim.  For the following reasons, the motion will be granted, although some of the claims will be dismissed without prejudice.

## BACKGROUND

The following background is taken from the allegations of the complaint, which are considered to be true for purposes of ruling on a motion to dismiss.

Plaintiff Daniel R. Kaufman, CPA, LLC is a Connecticut limited liability company with its principal place of business in Middletown, Connecticut.  Defendant Scott Vertucci is an individual who resides in Killingworth, Connecticut.

Prior to September 26, 2008, Vertucci was the sole member and owner of a finance and accounting firm named Sterling Tax & Financial Associates, LLC ("Sterling").

On September 26, 2008, Kaufman and Sterling entered into a Purchase and Sale Agreement, which provided that Kaufman purchased office equipment, furniture and fixtures; Sterling's rights, title, goodwill and interests in Sterling's business name, d/b/a name, trade name or any name used; Sterling's rights, title, goodwill and interest in any of its client contracts and accounts; any of Sterling's rights, title, goodwill and interests in any of its clients, vendor files or records; any of Sterling's rights, title, good will and interest in its client lists; and any of Sterling's rights, title, goodwill and interests in any other assets of Sterling, tangible or intangible. The Agreement also contained a Non-Compete clause that provided: "Seller agrees not to contact or do business with any former clients of Sterling Tax & Financial Associates LLC for the period of two years within the county of Middlesex, Connecticut."

On September 26, 2008, the parties entered into a separate Non-Compete Agreement that also provided that the Sterling agreed not to contact or do business with any of its former clients for a period of two years.

At the time of the sale, Sterling used an unregistered common law trademark in the marketing of its business. The trademark depicted a side profile of a man's head dressed in Napoleonic-era military garb.

Defendant has set up an accounting firm known as Scott Tax Advisory Group, Inc. that has a website using the Napoleonic-era side profile of a man's head that had formerly been used by Sterling.

Plaintiff alleges that Vertucci contacted several former Sterling clients within Middlesex County prior to expiration of the two year period.  Plaintiff asserts that Vertucci's conduct is in violation of the Purchase and Sale Agreement and has damaged Kaufman's reputation and good will.

## DISCUSSION

The function of a motion to dismiss for failure to state a claim is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).   However, the plaintiff must provide the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  The complaint must plead factual allegations showing a plausible entitlement to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### Breach of Contract

Defendant argues that plaintiff's breach of contract claim fails because defendant Vertucci was not a party to the alleged contract breached.  The Court agrees but will allow plaintiff to amend the complaint to name the correct party.

### CUTSA

Defendant argues that plaintiff's allegations are so vague that they fail to provide notice of the asserted CUTSA violation.  Plaintiff's brief clarifies that plaintiff is alleging

a violation of CUTSA based on defendant's use of customer lists.  However, defendant also complains that plaintiff cannot state a claim without establishing that the customer lists were subject to reasonable efforts to maintain their secrecy.

CUTSA defines a trade secret as: information, including a formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list that:  (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Conn. Gen. Stat. § 35–51(d).

At present, plaintiff's CUTSA count is lacking in allegations that establish the plausibility of this count.  Accordingly, the Court will grant the motion to dismiss but will allow plaintiff to replead.

CUTPA

Defendant argues that the CUTPA claim should be dismissed because it is vague and fails to indicate how defendant has violated CUTPA.  Defendant also points out that he was not a party to the contract between plaintiff and Sterling.

CUTPA provides, in relevant part, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Conn. Gen. Stat. § 42-110b(a).  The Connecticut Supreme Court has adopted the following factors known as the "cigarette rule" to determine whether a trade practice is unfair or deceptive:  "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been

4

established by statute, the common law, or otherwise – whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors, or other businessmen." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990). In order to prove that the practice is unfair, it is sufficient to meet only one of the criteria or to demonstrate that the practice meets all three criteria to a lesser degree. Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368 (1999).

Plaintiff's CUTPA allegations mention Vertucci's use of an unregistered trade mark but the complaint is devoid of facts supporting any violation of public policy as required for CUTPA. Accordingly, the claim will be dismissed without prejudice, and plaintiff may replead the claim to assert facts supporting a plausible CUTPA violation.

Civil Theft

Defendant argues that plaintiff's claim of civil theft should not be sustained because he has failed to allege that any property to which plaintiff had legal ownership or possession was converted.

Generally, a plaintiff must allege that defendant converted a particular or identifiable thing to which plaintiff had legal ownership or possession. Macomber v. Travelers Property & Casualty Corp., 261 Conn. 620, 650 (2002). In Connecticut, intangible property interests have not traditionally been subject to the tort of conversion, except for those that are evidenced in a document. Health Communications, Inc. v. Chicken Soup for the Soul Pub., LLC, 2011 WL 2611826 (Conn. Super. 2011) (citing

cases).[1]

In this instance, plaintiff alleges that defendant used plaintiff's client information, confidential information and trademark. However, plaintiff did not have a contract with defendant to prevent him from using information that he already retained, and plaintiff has not alleged any viable ownership interest in the trademark. Accordingly, the Court will dismiss the claim of civil theft. Plaintiff will be allowed to plead this count if he can state allegations that render a plausible civil theft claim.

Tortious Interference with Contract

Defendant argues that the claim of tortious interference with contractual relations should be dismissed because the non-compete agreements between Sterling and plaintiff have expired and because defendant was not a party to such agreements. Plaintiff does not oppose defendant's arguments. Accordingly, absent objection, the Court will dismiss the tortious interference with contract claim.

Copyright Infringement

Defendant asserts that the copyright infringement claim should be dismissed because plaintiff has failed to allege that he had registered the trademark at issue. Plaintiff does not oppose this argument, and the copyright infringement claim will be dismissed with prejudice.

---

[1] The elements of statutory or civil theft are generally the same as those to prove the tort of conversion, although a plaintiff must also prove an element of intent on a claim of statutory theft. Deming v. Nationwide Mut. Ins. Co., 279 Conn. 745, 771-772 (2006).

15 U.S.C. § 1125(a)(1)(a)

Defendant argues that plaintiff has not pleaded the requisite elements for a claim pursuant to Section 1125(a)(1)(a), which requires allegations that (1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark is likely to create confusion concerning the origin of the goods or services.  Freedom Card, Inc. v. JPMorgan Chase & Co., 432 F.3d 463, 470 (3d Cir. 2005).   Section 1125(a) affords protection for unregistered marks that are distinctive in that the mark identifies the source of the product rather than the product itself.  Wal–Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 210 (2000). .  Factors that show such a distinctive mark or secondary meaning include "advertising expenditures, consumer studies that link the name to a source, sales success, unsolicited media coverage, attempts to plagiarize the mark and the length of exclusive use of the mark.  Stern's Miracle-Gro Products, Inc. v. Shark Products, Inc., 823 F. Supp. 1077, 1084 (S.D.N.Y. 1993).  "A mark acquires secondary meaning when it has been used so long and so exclusively by one company in association with its goods or services that the word or phrase has come to mean that those goods or services are the company's trademark."  Packman v. Chicago Tribune Co., 267 F.3d 628, 641 (7th Cir. 2001).

A plaintiff asserts a claim by alleging that there is customer confusion by way of an entity's use of an unregistered mark.  See Ty, Inc. v. Jones Group, Inc., 237 F.3d 891, 897-98 (7th Cir. 2001).  In this instance, plaintiff has alleged that Scott's use of the mark has caused confusion that is harmful to its business.

First, the complaint appears to have named the wrong defendant since Scott rather than individual defendant is the alleged user of the mark.  Further, plaintiff has

not alleged facts that support a plausible finding that the Napoleonic side profile is a mark that is distinctive and thereby entitled to protection.  Accordingly, the Court will dismiss the claim without prejudice and afford plaintiff the opportunity to replead to state a plausible claim.

### 15 U.S.C. § 1125(a)(1)(b)

In his Seventh Count, plaintiff alleges a violation of 15 U.S.C. § 1125(a)(1)(b) for trade libel, which prohibits false or misleading descriptions or representations of facts concerning goods or services offered.  Defendant asserts that this claim fails without any allegation that a false or misleading statement or representation was made about plaintiff's accounting services.  Plaintiff has not opposed defendant's arguments.  Accordingly, absent objection and upon review of the merits, the motion to dismiss will be granted with prejudice on this claim.

### **CONCLUSION**

For the foregoing reasons, the motion to dismiss [doc. #16] is GRANTED without prejudice except as to the claims for tortious interference with contract, copyright infringement  and trade libel in violation of 15 U.S.C. § 1125(a)(1)(b), which are dismissed with prejudice.

Plaintiff may replead his complaint within twenty-one days of this order's filing date consistent with this ruling.

```
        _____/s/_____
              Warren W. Eginton
              Senior United States District Judge
```

Dated this _30__  day of November, 2011 at Bridgeport, Connecticut.